■ In the Matter of the Claim of ALPHONSE RAGAZZINO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Decision affirmed, without costs. No opinion. Greenblott, J. P., Sweeney, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The claimant had several absences from work due to illness in a nine-month period. His employer warned him that any future absence would require a doctor's certificate. Claimant failed to appear for work on June 9, 1977, but reported his inability to work because of illness via phone to his immediate supervisor. His employer phoned him later in the day and asked him why he was absent. The claimant explained that he was ill. The employer asked him if he was going to supply a doctor's certificate. On claimant's failure to answer, he was told he was fired and ordered to pick up his tools. Claimant supplied a doctor's certificate at the hearing which verified his illness and inability to work on the day in question because of a respiratory infection and fever. The board's finding of misconduct is not based on substantial

evidence. The claimant was discharged by his employer before he had an opportunity to comply with the employer's edict to supply a doctor's certificate for absences from work. The claimant had not yet seen his physician when questioned by his employer and was, therefore, in no position to say whether he would be able to produce such a certificate. The issuance of a certificate of illness depended on the diagnosis of the doctor. When claimant was able to see his doctor, he did, in fact, secure verification of his inability to work on the day in question in conformity with the employer's work rule. An employer may choose to dismiss an employee whose constitution does not suit him to the physical demands of his job. To label a legitimate, albeit frustrating absence, misconduct is not in conformity with the legal concept of misconduct. The determination of the board should be reversed.